UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 06-17-KKC

ANTHONY WAYNE WENTWORTH,                                    PETITIONER,

vs.                          **OPINION AND ORDER**

JAMES MORGAN, Warden,                                    RESPONDENT.

\* \* \* \* \* \* \* \*

This matter is now before the Court on Petitioner's Motion for Leave to Appeal *In Forma Pauperis* [Rec. No. 27] and Motion to Appoint Counsel [Rec. No. 28]. For the following reasons, the Court DENIES the motions.

On February 1, 2007, the Court entered an Order [Rec. No. 26] denying Petitioner's first Motion for Leave to Appeal *In Forma Pauperis* for failure to comply with Fed. R. App. P. 24(a)(1).

Federal Rule of Appellate Procedure Rule 24(a)(1) provides:

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Form 4 provides that a prisoner "must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in [the prisoner's] institutional accounts."

Petitioner has attached a financial affidavit stating that he is without sufficient financial means to proceed with an appeal. However, Petitioner has once again failed to comply with the requirements of Fed. R. App. P. 24(a)(1) because he failed to attach a statement certified by the appropriate institutional officer and failed to state the issues that he intends to present on appeal. Thus, the Motion to Proceed *In Forma Pauperis* is DENIED.

Furthermore, the Court's February 1, 2007 Order [Rec. No. 26] DENIED a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). To obtain the required certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253. As stated in the Order, Petitioner has not met the aforementioned standard.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The term "good faith" within the statute means not frivolous. *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962). After review, the Court determines that any appeal from the decision denying Petitioner's application for writ of habeas corpus would be frivolous, thus, Petitioner may not proceed *In Forma Pauperis* on Appeal.

Since the Court has denied the Motion to Proceed *In Forma Pauperis*, the Court will likewise deny the Motion to Appoint Counsel.

Accordingly, the Court hereby ORDERS as follows:

(1)    Petitioner's Motion for Leave to Appeal *In Forma Pauperis* [Rec. No. 27] is

DENIED,

(2)    Petitioner's Motion to Appoint Counsel on Appeal [Rec. No. 28] is DENIED,

(3)    this matter is stricken from the active docket of this Court.

This the 7th day of March, 2007.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**